POLEN, Judge.
This is a timely appeal from the trial court’s non-final order of March 10, 1988, denying appellants’ motion for temporary injunction. The injunctive relief sought was to preclude appellees, the hospital, from restricting appellants’ radiologist group from performing medical services at the hospital.
The hospital board, desiring to put an end to apparent squabbling among appellants and competing radiologists over the right to perform emergency room service, decided to restrict the radiologist services to that provided by one group only. The hospital proposed appellants and other interested radiologist services/doctors submit competitive service contract bids.
Appellants chose not to submit a bid, and the service contract was awarded to anoth *1335 er radiologist group. The hospital terminated appellants’ services; however, the termination was not deemed to be based on “fault.”
We find no error in the trial court’s denial of a temporary injunction by which appellants were seeking to be reinstated as authorized radiologists at the hospital, and to “preserve the status quo” pending a final hearing.
Appellants further complain the trial court erred by not requiring appellee hospital to conduct a hearing regarding termination of appellants’ services in accordance with the hospital’s own bylaws. Article VIII of those bylaws, relied on by appellants, provides:
HEARING AND APPELLATE REVIEW PROCEDURE
Section 1. Right to Hearing and to Appellate Review
a. When any practitioner receives notice of a recommendation of the Executive Committee that, if ratified by decision of the governing body, will adversely affect his appointment to or status as a member of the Medical Staff or his exercise of clinical privileges,, he shall be entitled to a hearing before an ad hoc committee of the Medical Staff. If the recommendation of the Executive Committee following such hearing is still adverse, the affected practitioner shall then be entitled to an appellate review by the governing body before the governing body makes a final decision on the matter.
b. When any practitioner receives notice of a decision by the governing body that will affect his appointment to or status as a member of the Medical Staff or his exercise of clinical privileges, and such decision is not based on a prior adverse recommendation by the Executive Committee of the Medical Staff with respect to which he was entitled to a hearing and appellate review, he shall be entitled to a hearing by a committee of the Medical Staff appointed by the governing body, and if such hearing does not result in a favorable recommendation, to an appellate review by the governing body, before the governing body makes a final decision on the matter.
In denying appellants’ request for temporary injunctive relief, the trial court may have determined that by appellants’ declining to enter the competitive bid process, they had waived their rights, if any, to an article VIII hearing.
In any event, we find no abuse of discretion by the trial court’s denial of a temporary injunction. The order is affirmed, and the cause may proceed to a final resolution on the merits.
HERSEY, C.J., and ANSTEAD, J., concur.